Henry SAYLOR, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 15, 1974.

David E. Murrell, Deputy Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Justice.

The appellant was found guilty of the offense of grand larceny and sentenced to one year's confinement. His appeal of the conviction turns on one issue:

Did the trial court err in permitting one of the jury panel who was struck for

cause to assist the prosecuting attorney in selecting the jury?

Prior to this trial this juror had served on several juries with other members of the panel who were called to hear this case. On voir dire she was peremptorily challenged because she was the sister-in-law of the only prosecuting witness in the case. After she was dismissed, she assisted the prosecution in the selection of the jury and the prosecution admits the dismissed juror did cause the prosecution to eliminate one juror who was involved in civil litigation related to this case. The appellant alleges and the prosecution does not deny that this juror did go into a room where the prosecution was discussing the selection of the jury and that she remained throughout the process despite the objection of defense counsel. At this point the appellant moved for a mistrial on the grounds that his rights had been highly prejudiced by the presence of this challenged juror who knew the nature and prejudices of the prospective jurors. After the appellant's motion, the court put the complained-of juror under oath and asked her this question:

Q. "Since you have been on the jury here have you mentioned this case to any other juror since you have been in this courtroom?

A. "No, sir, I didn't."

Following the above testimony which did not include any questioning into the advice given to the prosecutor, the court then overruled the motion for a mistrial. Thereafter the selection of the jury continued and the case was tried.

 On the record before us we do not find that this panel member's conduct directly affected the trial result. However, we do disapprove such practice if for no other reason than it raises the question raised here.

The judgment is affirmed.

All concur.